IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORI SUTCLIFFE** and **GARY SUTCLIFFE**, h/w<br>8 Woodland Lane<br>Kensington, CT 06037 | : : : : | **CIVIL ACTION** |
| **Plaintiffs** | : : | |
| vs. | : : | No._____ |
| **LONNIE BERNESE**<br>1995 Burkholder Circle E<br>Jacksonville, FL 32216<br>and<br>**WATERSTREET ENTERPRISES, LLC**<br>2026 N. Broadway Street<br>New Ulm, MN 56073<br>and<br>**CARL KOSMAN**<br>7924 Sleepy Hollow Drive #582<br>Tobyhanna, PA 18466<br>and<br>**GLENN MOYER**<br>607 Lonely Road<br>Sellersville, PA 18960<br>and<br>**JEFFREY SHAFFER**<br>219 Justin Avenue<br>Bridgeport, WV 26330 | : : : : : : : : : : : : : : : : : : : : : : | **JURY TRIAL DEMANDED** |
| **Defendants** | : | |

## COMPLAINT

Plaintiffs, Lori Sutcliffe and Gary Sutcliffe, h/w, by and through their attorney, Michael T. van der Veen, hereby bring this Complaint against Defendants, Lonnie Bernese, Waterstreet Enterprises, LLC, Carl Kosman, Glenn Moyer and Jeffrey Shaffer, and aver as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Venue is proper in this Federal District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) in that the motor vehicle crash described in this Complaint occurred in this district.

## PARTIES

3. Plaintiff, Lori Sutcliffe, is an adult individual who at all times relevant and material hereto resided, lived and was domiciled at 326 Chamberlain Highway, Kensington, CT 06037.

4. Plaintiff, Gary Sutcliffe, is an adult individual who at all times relevant and material hereto resided, lived and was domiciled at 8 Woodland Lane, Kensington, CT 06037.

5. Defendant, Lonnie Bernese, is an adult individual who at all times relevant and material hereto resided and was domiciled at 1995 Burkholder Circle E, Jacksonville, FL 32216.

6. Defendant, Waterstreet Enterprises, LLC is a corporation organized under the laws of Minnesota with its principal place of business located at 2026 N. Broadway, Street, New Ulm, MN 56073.

7. Defendant, Carl Kosman, is an adult individual who at all times relevant and material hereto resided and was domiciled at 7924 Sleepy Hollow Drive #582, Tobyhanna, PA 18466.

8. Defendant, Glenn Moyer, is an adult individual who at all times relevant and material hereto resided and was domiciled at 607 Lonely Road, Sellersville, PA 18960.

9. Defendant, Jeffrey Shaffer, is an adult individual who at all times relevant and material hereto resided and was domiciled at 219 Justin Avenue, Bridgeport, WV 26330.

## FACTUAL BACKGROUND

10. Plaintiffs incorporate the preceding paragraphs as though set forth herein.

11. At all times relevant and material hereto, Defendant Bernese was an agent, servant, representative and/or employee of Defendant Waterstreet Enterprises, LLC, and was acting within the course and scope of his employment.

12. At all times relevant and material hereto, Defendant Waterstreet Enterprises, LLC was acting by and through its agents, servants, representatives and/or employees, and specifically, Defendant Bernese.

13. Defendant Waterstreet Enterprises, LLC is liable for the acts and omissions of its agents, servants, representatives and/or employees, and specifically, Defendant Bernese, through the doctrines of vicarious liability and respondeat superior.

14. At all times relevant and material hereto, Defendant Bernese was operating a tractor trailer owned by Defendant Waterstreet Enterprises, LLC (hereinafter "Defendant Waterstreet's vehicle").

15. At all times relevant and material hereto, Defendant Kosman was the owner and operator of a 2010 Audi (hereinafter "Defendant Kosman's vehicle").

16. At all times relevant and material hereto, Defendant Moyer was the owner and operator of a 2007 Honda (hereinafter "Defendant Moyer's vehicle").

17. At all times relevant and material hereto, Defendant Shaffer was the owner and operator of a 2007 Toyota Tundra (hereinafter "Defendant Shaffer's vehicle").

18. At all times relevant and material hereto, Plaintiff Lori Sutcliffe was the owner and operator of a 2005 BMW (hereinafter "Plaintiff's vehicle").

19. On or about March 3, 2017, at approximately 2:30 p.m., Plaintiff's vehicle was traveling westbound on I-80 in Clinton County, PA.

20. On this date, time and location, Plaintiff encountered Defendant Waterstreet's vehicle which had just crashed into the rear of another vehicle.

21. Plaintiff's vehicle avoided Defendant Waterstreet's vehicle and stopped adjacent to the guardrail on the left side of the road.

22. At all aforesaid time and place, Defendant Kosman's vehicle was traveling westbound on I-80 when he lost control of his vehicle and crashed into Plaintiff's vehicle, causing Plaintiff Lori Sutcliffe to suffer injuries and damages, which will be described below.

23. At all aforesaid time and place, Defendant Moyer's vehicle was traveling westbound on I-80 when he lost control of his vehicle and crashed into Plaintiff's vehicle, causing Plaintiff Lori Sutcliffe to suffer injuries and damages, which will be described below.

24. At all aforesaid time and place, Defendant Shaffer's vehicle was traveling westbound on I-80 when he lost control of his vehicle and crashed into Defendant Kossman and Defendant Moyer's vehicle, which then crashed into Plaintiff's vehicle, causing Plaintiff Lori Sutcliffe to suffer injuries and damages, which will be described below.

25. This accident resulted solely from the negligence and carelessness of All Defendants (Defendants Bernese, Waterstreet Enterprises, LLC, Kosman, Moyer and Shaffer) and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff, Lori Sutcliffe.

26. As a direct and proximate result of the negligence and carelessness of All Defendants, Plaintiff Lori Sutcliffe was caused to be thrown violently about her vehicle, thereby sustaining severe and debilitating personal injuries including, but not limited to, neck fracture and injuries to her head, neck, back, and body, anxiety, insomnia, emotional injuries, all or some of which injuries

are or will prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to Plaintiff's great detriment and loss.

27. As a further result of the negligence and carelessness of All Defendants, Plaintiff Lori Sutcliffe has incurred and in the future will incur expenses for the treatment of her injuries, has been disabled and in the future will be disabled and not able to perform her usual functions, all to her detriment, financial and otherwise.

28. As a further direct and proximate result of the negligence and carelessness of All Defendants, Plaintiff Lori Sutcliffe has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future, all to her detriment, financial and otherwise.

29. As a further direct and proximate result of the negligence and carelessness of All Defendants, Plaintiff Lori Sutcliffe may suffer a loss of income and earning capacity in the future, all to her detriment, financial and otherwise.

30. As a further direct and proximate result of the negligence and carelessness All Defendants, Plaintiff Lori Sutcliffe has been unable to attend to daily chores, duties and occupations and may be unable to do so for an indefinite time in the future, all to her detriment, financial and otherwise.

31. As a further direct and proximate result of the negligence and carelessness of All Defendants, Plaintiff Lori Sutcliffe has or may hereafter incur other financial expenses or losses to which she may otherwise be entitled to recover.

32. As a further direct and proximate result of the negligence and carelessness of All Defendants, Plaintiff Lori Sutcliffe has suffered physical pain, mental anguish, humiliation, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

### COUNT I
### Plaintiff Lori Sutcliffe v. Defendant Bernese

33. Plaintiff incorporates the preceding paragraphs as though set forth herein.

34. The negligence of Defendant Bernese, acting in the course and scope of his employment, consisted of the following:

   a. Failing to properly operate and control the tractor trailer;
   b. Failing to maintain a proper and adequate lookout;
   c. Failing to follow and observe traffic patterns and conditions;
   d. Striking the rear of another tractor trailer;
   e. Driving too fast for the conditions of the roadway;
   f. Failing to avoid the stopped tractor trailer prior to striking it;
   g. Creating a hazard on the roadway;
   h. Failing to pay attention;
   i. Driving while distracted; and
   j. Failing to take the necessary action and precautions given the road conditions.

35. As a direct and proximate result of the negligence of Defendant Bernese, Plaintiff Lori Sutcliffe suffered injuries and damages, as described above.

**WHEREFORE,** Plaintiff demands judgment against Defendant Bernese in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs and attorney's fees.

### COUNT II
### Plaintiff Lori Sutcliffe v. Defendant Waterstreet Enterprises, LLC

36. Plaintiff incorporates the preceding paragraphs as though set forth herein.

37. The negligence and carelessness of Defendant Waterstreet Enterprises, LLC consisted of the following:

(a) negligently entrusting Defendant Waterstreet's vehicle to its agents, workmen and/or employees, and specifically Defendant Bernese;

(b) permitting an inexperienced and incompetent person, and specifically Defendant Bernese, to operate Defendant Waterstreet's vehicle, who failed to properly operate and control the tractor trailer;

(c) permitting an inexperienced and incompetent person, and specifically Defendant Bernese, to operate Defendant Waterstreet's vehicle, who failed to maintain a proper and adequate lookout;

(d) permitting an inexperienced and incompetent person, and specifically Defendant Bernese, to operate Defendant Waterstreet's vehicle, who failed to follow and observe traffic patterns and conditions;

(e) permitting an inexperienced and incompetent person, and specifically Defendant Bernese, to operate Defendant Waterstreet's vehicle, who drove too fast for conditions;

(f) permitting an inexperienced and incompetent person, and specifically Defendant Bernese, to operate Defendant Waterstreet's vehicle, who failed to avoid the stopped tractor trailer prior to striking it;

(g) permitting an inexperienced and incompetent person, and specifically Defendant Bernese, to operate Defendant Waterstreet's vehicle, who created a hazard on the roadway;

(h) permitting an inexperienced and incompetent person, and specifically Defendant Bernese, to operate Defendant Waterstreet's vehicle, who failed to pay attention;

(i) permitting an inexperienced and incompetent person, and specifically Defendant Bernese, to operate Defendant Waterstreet's vehicle, who drove while distracted;

(j) permitting an inexperienced and incompetent person, and specifically Defendant Bernese, to operate Defendant Waterstreet's vehicle, who failed to take the necessary action and precautions given the road conditions.

38. As a direct and proximate result of the negligence of Defendant Waterstreet Enterprises, LLC, Plaintiff Lori Sutcliffe suffered injuries and damages, as described above.

**WHEREFORE,** Plaintiff demands judgment against Defendant Waterstreet Enterprises, LLC in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs and attorney's fees.

### COUNT III
### Plaintiff Lori Sutcliffe v. Defendant Kosman

39. Plaintiff incorporates the preceding paragraphs as though set forth herein.

40. The negligence of Defendant Kosman consisted of the following:

a. Failing to properly operate and control his vehicle;

     b.     Failing to maintain a proper and adequate lookout;
     c.     Failing to follow and observe traffic patterns and conditions;
     d.     Striking Plaintiff's vehicle;
     e.     Driving too fast for the conditions of the roadway;
     f.     Failing to avoid Plaintiff's vehicle prior to striking it;
     g.     Failing to pay attention;
     h.     Failing to regard the rights, safety and lawful position of Plaintiff;
     i.     Driving while distracted; and
     j.     Failing to take the necessary actions and precautions given the road conditions.

41. As a direct and proximate result of the negligence of Defendant Kosman, Plaintiff Lori Sutcliffe suffered injuries and damages, as described above.

**WHEREFORE,** Plaintiff demands judgment against Defendant Kosman in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs and attorney's fees.

## COUNT IV
### Plaintiff Lori Sutcliffe v. Defendant Moyer

42. Plaintiff incorporates the preceding paragraphs as though set forth herein.

43. The negligence of Defendant Moyer consisted of the following:

     a.     Failing to properly operate and control his vehicle;
     b.     Failing to maintain a proper and adequate lookout;
     c.     Failing to follow and observe traffic patterns and conditions;
     d.     Striking Plaintiff's vehicle;
     e.     Driving too fast for the conditions of the roadway;
     f.     Failing to avoid Plaintiff's vehicle prior to striking it;
     g.     Failing to pay attention;
     h.     Failing to regard the rights, safety and lawful position of Plaintiff;
     i.     Driving while distracted; and
     j.     Failing to take the necessary actions and precautions given the road conditions.

44. As a direct and proximate result of the negligence of Defendant Moyer, Plaintiff Lori Sutcliffe suffered injuries and damages, as described above.

**WHEREFORE,** Plaintiff demands judgment against Defendant Moyer in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs and attorney's fees.

## COUNT V
### Plaintiff Lori Sutcliffe v. Defendant Shaffer

45. Plaintiff incorporates the preceding paragraphs as though set forth herein.

46. The negligence of Defendant Shaffer consisted of the following:

    a.    Failing to properly operate and control his vehicle;
    b.    Failing to maintain a proper and adequate lookout;
    c.    Failing to follow and observe traffic patterns and conditions;
    d.    Striking Plaintiff's vehicle;
    e.    Driving too fast for the conditions of the roadway;
    f.    Failing to avoid Plaintiff's vehicle prior to striking it;
    g.    Failing to pay attention;
    h.    Failing to regard the rights, safety and lawful position of Plaintiff;
    i.    Driving while distracted; and
    j.    Failing to take the necessary actions and precautions given the road conditions.

47. As a direct and proximate result of the negligence of Defendant Shaffer, Plaintiff Lori Sutcliffe suffered injuries and damages, as described above.

**WHEREFORE,** Plaintiff demands judgment against Defendant Shaffer in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs and attorney's fees.

## COUNT VI
### Plaintiff Gary Sutcliffe v. All Defendants

48. Plaintiff incorporates the preceding paragraphs as though set forth herein.

49. As a result of the negligence and carelessness of All Defendants, Plaintiff Gary Sutcliffe has and may continue to suffer the loss of the services, support and consortium of his spouse, Plaintiff Lori Sutcliffe.

**WHEREFORE,** Plaintiffs demand judgment against All Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs and attorney's fees.

Respectfully submitted,

By:_____
Michael T. van der Veen
Attorney for Plaintiffs
Pa. Bar No. 75616
van der Veen, O'Neill, Hartshorn & Levin
1219 Spruce Street
Philadelphia, PA 19107
(215) 546-1000
(215) 546-8529- fax
mtv@mtvlaw.com

Dated: 2/22/19

## VERIFICATION

We, **LORI SUTCLIFFE and GARY SUTCLIFFE**, hereby state that we are the Plaintiffs of the Complaint herein, that we are acquainted with the facts set forth in the foregoing Complaint and that the same are true and correct to the best of our knowledge, information and belief and that this statement is made subject to the penalties of 18 U.S.C. §1621 and §1623 relating to perjury and unsworn falsification to the court, respectively.

Date: 2-21-19

_____
**LORI SUTCLIFFE**

Date: 2/21/19

_____
**GARY SUTCLIFFE**