# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI SUTCLIFFE and GARY SUTCLIFFE, <br><br> Plaintiffs, <br><br> v. <br><br> LONNIE BERNESE, WATERSTREET ENTERPRISES, LLC, CARL KOSMAN, GLENN MOYER and JEFFREY SHAFFER, <br><br> Defendants. | No. 4:19-CV-00317 <br><br> (Judge Brann) |

## MEMORANDUM OPINION

### AUGUST 12, 2019

**I.     BACKGROUND**

On February 25, 2019, Plaintiffs Lori Sutcliffe and Gary Sutcliffe filed a six-count complaint against Defendants, Lonnie Bernese, Waterstreet Enterprises LLC, Carl Kosman, Glenn Moyer, and Jeffrey Shaffer. This is a case of negligence predicated on this Court's diversity jurisdiction and brought under Pennsylvania law. It is based on a multi-vehicle automobile accident that occurred in the westbound lanes of Interstate 80 in Clinton County, Pennsylvania during a snowstorm. It is alleged that Lori Sutcliffe was badly injured as a result of this collision.

On June 21, 2019, Defendants Lonnie Bernese and Waterstreet Enterprises, LLC filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is now ripe for disposition; for the reasons that follow, it is granted in part and denied in part.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[1] and "streamlines litigation by dispensing with needless discovery and factfinding."[2] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[3] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[4]

Following the Roberts Court's "civil procedure revival,"[5] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[6] and *Ashcroft v. Iqbal*[7]

---

[1] *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)).
[2] *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).
[3] *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).
[4] *Neitzke*, 490 U.S. at 327.
[5] Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).
[6] 550 U.S. 544 (2007).
[7] 556 U.S. 662, 678 (2009).

tightened the standard that district courts must apply to 12(b)(6) motions.[8] These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[9]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[12] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[13]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14] No matter

---

[8] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

[9] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

[10] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[11] *Iqbal*, 556 U.S. at 678.

[12] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

[13] *Twombly*, 550 U.S. at 556.

[14] *Iqbal*, 556 U.S. at 679.

- 3 -

the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[15]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[16] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[19]

---

[15] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).
[16] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[17] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[18] *Iqbal*, 556 U.S. at 678.
[19] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

**B.    Facts Alleged in the Complaint**

The facts alleged in the complaint, which I must accept as true for the purposes of this motion, are as follows.

On March 3, 2017 at approximately 2:30 p.m., Defendant Lonnie Bernese was operating a tractor-trailer on behalf of his employer Waterstreet Enterprises, LLC; he was travelling westbound on Interstate 80 when he "crashed into the rear of another vehicle."[20] Plaintiff Lori Sutcliffe's "vehicle avoided Defendant Waterstreet's vehicle and stopped adjacent to the guardrail on the left side of the road."[21] Shortly thereafter, Defendant Carl Kosman "lost control of his vehicle and crashed into Plaintiff's vehicle."[22] Defendant Glenn Moyer also "lost control of his vehicle and crashed into Plaintiff's vehicle."[23] Finally, Defendant Jeffrey Shaffer's "lost control of his vehicle and crashed into Defendant Kosman and Defendant Moyer's vehicle, which then crashed into Plaintiff's vehicle."[24]

As a result of the collision, "Plaintiff Lori Sutcliffe was caused to be thrown violently about her vehicle, thereby sustaining severe and debilitating personal injuries including, but not limited to, neck fracture and injuries to her head, neck,

---

[20]  ECF No. 1 at ¶ 19-20.

[21]  *Id.* at 21.

[22]  *Id.* at 22.

[23]  *Id.* at 23.

[24]  *Id.* at 24.

back, and body, anxiety, insomnia, emotional injuries, all or some of which injuries are or will prove to be of a permanent nature and character."[25]

**C.     Analysis**

Count I of the complaint alleges negligence by Lori Sutcliffe against Lonnie Bernese.  Count II asserts negligence by Lori Sutcliffe against Waterstreet Enterprises, LLC.  Count VI sets forth loss of consortium by Gary Sutcliffe against all Defendants.

As an initial matter, Plaintiff does not oppose the dismissal of the negligent entrustment claim against Defendant Waterstreet Enterprises, LLC, nor to the dismissal of the demand for attorney's fees.[26]  Count II is therefore dismissed.  As a result, Count VI is also dismissed as to Defendant Waterstreet Enterprises, LLC, as "under Pennsylvania law, "[a]ny action for loss of consortium is derivative, depending for its viability upon the substantive merit of the injured party's claims."[27]   All demands for attorney's fees are additionally dismissed.

Defendant Bernese also seeks the dismissal of the negligence claim and the loss of consortium claim set forth.

To state a claim for negligence, Plaintiffs must plead duty, breach, causation, and damages. Defendant Bernese argues that there is no causal connection between

---

[25]   *Id.* at 26.

[26]   See ECF No. 29 at 3.

[27]   *Schroeder v. Ear, Nose, and Throat Associates of Lehigh Valley, Inc.*, 383 Pa.Super. 440, 444 (1989).

alleged negligent conduct by Bernese and the damages Lori Sutcliffe sustained. While discovery and a consideration of the matter through the lens of summary judgment may reveal that Defendant is correct, at the motion to dismiss stage I must respectfully disagree with this assertion.

Specifically, to sustain a negligence claim against Defendant Bernese under Pennsylvania law, Plaintiff Lori Sutcliffe must demonstrate, *inter alia*, factual and proximate causation.[28] Factual causation, which is "a *de minimis* standard . . . under which even the most remote and insignificant force may be considered the cause of an occurrence,"[29] requires "proof that the alleged injury would not have occurred but for the negligent conduct of the defendant."[30] Proximate causation, which "assumes the presence of cause in fact and serves as a means by which courts are able to place practical limits on liability as a matter of policy," requires "the alleged wrongful acts [to be] a substantial factor in bringing about the plaintiff's harm."[31]

---

[28] *Morena v. South Hills Health Sys.,* 462 A.2d 680, 684 n. 5 (Pa. 1983) (setting forth elements of prima facie negligence claim); *Redland Soccer Club, Inc. v. Department of Army,* 55 F.3d 827, 851 (3d Cir. 1995) (differentiating between proximate and factual causation).

[29] *General Refractories Company v. First State Insurance Co.*, 855 F.3d 152, 161 (3d Cir. 2017) (quoting *Takach v. B.M. Root Co.*, 420 A.2d 1084, 1086 (Pa. Super. 1980)).

[30] *Galullo v. Fed. Exp. Corp.*, 937 F. Supp. 392, 394-95 (E.D. Pa. 1996) (citing *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 366 (3d Cir. 1990)); *see also First v. Zem Zem Temple,* 686 A.2d 18, 21 n.2 (Pa. Super. 1996) ("In Pennsylvania, a negligent act is a cause-in-fact of the plaintiff's injuries 'if the harmful result would not have come about but for the negligent conduct.'").

[31] *Galullo,* 937 F. Supp. 392, 394-95.

Here, it is contended that Defendant Bernese's actions did not factually cause Plaintiff Lori Sutcliffe's damages because Defendant Bernese's tractor-trailer never came into contact with her vehicle. However, the complaint contains sufficient facts stating a claim that but for Defendant Bernese's negligent collision with another tractor-trailer, Sutcliffe would not have travelled into the left lane to avoid that collision, resulting in the subsequent collisions by the other Defendants. Regarding proximate cause, Plaintiff Lori Sutcliffe has alleged sufficient facts demonstrating that Defendant Bernese's actions created the situation that resulted in her alleged damages.[32]

In sum, I conclude that Plaintiff Lori Sutcliffe has plead sufficient facts stating both factual and proximate cause.

Plaintiff Gary Sutcliffe's loss of consortium claim against Defendant Bernese also survives. Loss of consortium means a loss of the company, society, cooperation, affection and aid of a spouse in every conjugal relation.[33] Defendant Bernese's sole argument for dismissal of the loss of consortium claim is dismissal

---

[32] *See Doland v. Berrios*, 2014 WL 3809962, *3 (M.D. Pa. August 1, 2014)(Kane, J.) ("Sudden stoppage of a vehicle on the roadway in adverse weather conditions, such as those alleged in this case, may create factual issues surrounding the proximate cause of an accident involving rear-end collisions behind the stopped vehicle.") (citing *Gensemer v. Williams,* 419 F.2d 1361, 1362 (3d Cir. 1970)).

[33] *Cleveland v. Johns–Manville Corp.,* 547 Pa. 402, 408, 690 A.2d 1146 (1997); *Hopkins v. Blanco*, 224 Pa.Super. 116, 302 A.2d 855 (1973), aff'd. 457 Pa. 90, 320 A.2d 139 (1974); *Bedillion v. Frazee*, 408 Pa. 281, 284–285, 288, 183 A.2d 341 (1962); *Kelley v. Township of Mayberry*, 154 Pa. 440, 26 A. 595 (1893); *Fanelle v. Lojack Corp.*, 2000 WL 1801270, *13 (E.D.Pa.2000).

of it as a derivative claim of the negligence claim. Because the negligence claim survives, there is no basis to dismiss the loss of consortium claim against this Defendant.

## III. CONCLUSION

Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge